UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
ROGERIO CRISTOBAL SANCHEZ SOLIS,

Petitioner,

- against -

TODD BLANCHE, *in his official capacity as Attorney General of the United States, et al.*,

Respondents.
-----------------------------------------------------x

**ORDER GRANTING**
**WRIT OF HABEAS CORPUS**
26-CV-5611 (PKC)

PAMELA K. CHEN, United States District Judge:

On September 10, 2026, Petitioner Rogerio Cristobal Sanchez Solis filed a writ of habeas corpus challenging the legality of his arrest and detention by Respondents. (Pet., Dkt. 1.) That same day, the Court issued an Order to Show Cause, ordering Respondents to, among other things, "show cause in writing why a writ of habeas corpus should not be issued and why Petitioner should not be immediately released," including stating the legal authority for Petitioner's arrest and detention. (O.S.C., Dkt. 2.) The Court ordered Respondents to file their response to the Court's Order to Show Cause by no later than 6 p.m. ET on September 15, 2026. (*Id.*)

On September 11, 2026, the Court held a hearing during which the Court ordered Respondents to transfer Petitioner back to this District after Respondents had taken him from John F. Kennedy Airport in Queens, NY, where had been arrested, to the Moshannon Valley Processing Center in Moshannon, PA. (*See* 09/11/2026 Min. Entry.) At the hearing, Respondents requested an extension of time to respond to the Court's Order to Show Cause, which the Court denied. (*See id.*) Accordingly, Respondents' deadline to submit a response to the Court's Order to Show Cause remained September 15, 2026 at 6 p.m. (*Id.*)

On September 15, 2026, at 2:46 p.m., Respondents filed a second motion for an extension of time to respond to the Court's Order to Show Cause. (Dkt. 7.) Respondents' only stated reason for requiring an extension of time was a boilerplate claim that "[t]he extension is needed to allow [Respondents] time to further obtain and review documentation and information needed to respond to the Order and to prepare the response." (*Id.*) The Court denied this request for an extension, explaining that: "Respondents were already afforded three business days, and five days overall, to respond to the Court's Order to Show Cause. That period should have been sufficient for Respondents to gather the information needed to respond to the Court's Order to Show Cause—primarily an explanation as to the lawfulness of Petitioner's arrest and detention—as that information should have been within Respondents' knowledge and possession before arresting and detaining Petitioner." (09/15/2026 Dkt. Order.) Furthermore, the Court warned Respondents that "a failure to timely comply with the Court's Order to Show Cause might be construed as forfeiture of arguments in opposition to the Petition for a writ of habeas corpus and result in the granting of the writ." (*Id.*) Respondents failed to timely comply with the Court's Order to Show Cause and did not file a response by the scheduled deadline.

At no point since the Petition was filed—neither in their letters to the Court requesting extensions, nor during the September 11, 2026 hearing—have Respondents identified the claimed statutory authority for their arrest and detention of Petitioner, let alone respond in full to the Court's Order to Show Cause. *See* 8 U.S.C. § 2243 ("The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.") Therefore, the Court can only infer from Respondents' silence that Petitioner's detention is without authorization and unlawful.

Accordingly, the Court finds that Respondents have forfeited any arguments in opposition to the Petition and, given the absence of any explanation as to Respondents' authority to arrest and

detain Petitioner, the Court GRANTS the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Respondents are hereby ORDERED to release Rogerio Cristobal Sanchez Solis immediately, and no later than September 16, 2026, at 10:00 a.m. ET**.

Respondents shall release Petitioner subject to the conditions under which he was at liberty before he was detained, without any additional constraints on his liberty, including, but not limited to, electronic or GPS monitoring. Respondents must release Petitioner with all of his belongings that are in Respondents' possession, including but not limited to identification cards, clothing, and money.

Respondents shall confirm compliance with these directives in a filing on the docket by **3:00 p.m. ET on September 16, 2026.**

Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments) without prior notice to and authorization from the Court.

Respondents shall not re-detain Petitioner without first moving before this Court to demonstrate compliance with all applicable regulatory, statutory, and constitutional requirements necessary to arrest and detain Petitioner. Should Respondents seek to re-detain Petitioner, they are directed to file a motion with the Court that justifies lawful detention. The Court retains jurisdiction to review any subsequent arrest or detention of Petitioner by Respondents to ensure compliance with this Order.

Should Petitioner seek an award of reasonable fees and costs pursuant to the Equal Access to Justice Act, he may do so by filing a letter application on the docket within 30 days of a final judgment in this action. 28 U.S.C. § 2412(d)(1)(B).

The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close the case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 15, 2026
Brooklyn, New York